MATTER OF PIERCE

In Exclusion Proceedings

A-20672721

*Decided by Board August 1, 1980*

(1) An applicant for admission into the United States as the spouse of a United States citizen or lawful permanent resident cannot be excluded under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), solely because the marriage upon which such status is based is "nonviable" at the time of the application for admission. *See Matter of Boromand,* Interim Decision 2811 (BIA 1980).

(2) Where the record established that the applicant was separated from her United States citizen husband at the time she applied for admission, but there was no evidence of a legal separation or dissolution of the marriage, applicant found admissible as the spouse of a United States citizen under section 201(b) of the Act, 8 U.S.C. 1151(b).

EXCLUDABLE:
Order: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of valid immigrant visa

ON BEHALF OF APPLICANT:  James S. Brooks, Esquire
101 Citicorp Building
P.O. Box 1115
Agana, Guam 96910

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated February 23, 1979, the immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20) and ordered her excluded. The applicant has appealed from this decision. The appeal will be sustained.

Since the time this appeal was filed, a factor has arisen that was not previously present. This is the fact that the Board has altered its position in regard to the question of viable marriages. In *Matter of McKee,* Interim Decision 2782 (BIA 1980), we held that where the parties enter into a valid marriage, and there is nothing to show that they have since obtained a legal separation or dissolution of the marriage, a visa petition will not be denied solely because the parties

are not residing together.

In keeping with our decision in *McKee, id.,* we held in *Matter of Boromand,* Interim Decision 2811 (BIA 1980), that where there is no evidence of a fraudulent marriage or legal dissolution of the marriage, the denial of an adjustment of status application or the subsequent rescission of an adjustment grant cannot be based solely on the nonviability of the marriage at the time of the adjustment application. The principle set forth in *Boromand* applies to the instant case where the issue is excludability based on section 212(a)(20) of the Act with the underlying contention being that the marriage was not viable at the time of the applicant's application for admission as an immigrant.

The record shows that the applicant here was separated from her husband at the time she applied for admission, but there was no evidence of a legal separation or dissolution of the marriage. The applicant is therefore admissible as the spouse of a United States citizen under section 201(b) of the Act. The appeal is accordingly sustained.

ORDER: The appeal is sustained, and the applicant is admitted into the United States.